## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### Southern Division

| | |
|---|---|
| **CARMEN AUTO SALES III, INC.** ) <br> **a Michigan Corporation,** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **CITY OF DETROIT,** ) <br> **a Municipal Corporation,** ) <br> **GENES TOWING,** ) <br> **a Michigan Corporation,** ) <br> **B&G TOWING, INC.,** ) <br> **a Michigan Corporation,** ) <br> **JONATHON D.PARNELL,** ) <br> **a Sargent in the City of Detroit,** ) <br> **Police Department,** ) <br> **JEFF BOU,** ) <br> **an individual working for the** ) <br> **City of Detroit.** ) <br> ) <br>     **Defendants.** ) <br> —————————————————) | **Civil Action No.:** <br> **Hon.** |

### COMPLAINT

The plaintiff, Carmen Auto Sales, III, Inc. moves the Court for entry of judgment in his favor against the City of Detroit, Genes Towing, B & G Towing, Inc. and Sargent Jonathon D. Parnell and in support of such Complaint avers as follows:

### NATURE OF ACTION AND JURISDICTION

1.    This is a civil action under 42 U.S.C § 1983 seeking damages and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States;

1

retaliating against Plaintiff for his exercise of constitutionally protected contractual rights; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

2.      This case arises under the United States Constitution and 42 U.S.C. Sections 1983 and 1988, as amended.  This Court has jurisdiction in this matter pursuant to 28 U.S.C. Sections 1331 and 1343. The declaratory and injunctive relief sought is authorized by 28 U.S.C. Sections 2201 and 2202, 42 U.S.C. Section 1983 and Rule 57 of the Federal Rules of Civil Procedure.

3.      Plaintiff brings this action resulting from damages incurred due to its unlawful impoundment of its motor vehicles by the a municipal corporation, its agencies and subcontractors acting under color of law on or about April, 2016. Plaintiff's titles to such vehicles were wrongfully converted under color of law in violation of its federal constitutional rights to due process and illegal search and seizure.

4.      This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. 1391(b)(1) and (b)(2). The actions complained of took place in this  judicial district; evidence and records relevant to the allegations are maintained in this judicial district; Plaintiff's property was converted in this judicial district but for the unlawful actions and practices of the Defendants; and the City of Detroit is present and regularly conducts affairs in this judicial district.

## PARTIES

5.      Plaintiff, Carmen's Auto Sales III is a Michigan Corporation headquartered in the City of Hazel Park and conducting business in the City of Detroit, State of Michigan.

6.      Defendant, The City of Detroit is a corporate body and a political subdivision of the State of Michigan under the authority of Title  of the Michigan Code and a "person" subject to

suit within the meaning of 42 U.S.C. Section 1983. It is vested with the supervision of its Police Department, the Building and Safety Department and its hired subcontractors within Wayne County, including the enforcement of its zoning laws and impoundment regulations regarding the State of Michigan's registered motor vehicles.

7. Defendant, Genes Towing Inc. is a Michigan Corporation conducting business as a proprietary function in the City of Detroit, Wayne County, MI. and is sued for damages in its corporate capacity and for declaratory and injunctive relief in its official capacity.

8. Defendant, B & G Towing Inc. is a Michigan Corporation conducting business in the City of Detroit, Wayne County Michigan and is sued for damages in its corporate capacity and for declaratory and injunctive relief in its official capacity.

9. Defendant, Jonathon D. Parnell is an individual working for the City of Detroit police department as a Sergeant in charge of "Commercial Auto Theft" and is sued for damages in his individual capacity and for declaratory and injunctive relief in his official capacity.

10. Defendant, Jeff Bou is an individual working for the City of Detroit in the Building and Safety Department and is sued for damages in his individual capacity and for declaratory and injunctive relief in his official capacity

## FACTS

11. During the month of April, 2016, Carmen Auto Sales, (a licensed used automobile dealer from the State of Michigan), leased property from a company conducting business in the City of Detroit, known as First United Enterprises Corporation, (hereinafter, "First United").

12. Said property, owned and leased by First United, purchased the property from the City of Detroit, though binding resolution, (a true copy certificate was filed on February 17th, 2016

which was previously approved by the City Council and the Mayor's office, See **Exhibit 1** with attached legal description.

13.    Said resolution specifically stated: "WHEREAS, Offeror intended to use this land locked property for the storage of operable personal vehicles in conjunction with their current resale operation, which is permitted as a conditional use in an M-4 zone, section 61-10-84." See attached **Exhibit 1 and 2**.

14.    That the leased property was conveyed by Quit claim deed from the City of Detroit to the lessor on February 23rd, 2016, See **Exhibit 3, 4 and 5.**

15.    On April 28th, used motor vehicles owned and titled to Carmen Auto Sales were moved to the leased premises commonly known as 9814 Bryden Road, Detroit, MI.

16.    That on said date, Carmen Auto Sales, spent in excess of Ten Thousand and 00/100 Dollars, ($10,000.00), to move to the said leased premises, sixty motor vehicles either titled in the company name or in the process of being titled in the company name.

17.    On May 11th, 2016, the City of Detroit through the direction of Sergeant Jonathon D. Parnell and the City of Detroit Building and Safety Department, by Defendant Jeff Bou, through the  use of Genes Towing and its affiliates named above, did forcefully enter the premises at 9814 Bryden Road, Detroit, MI., though another property without a warrant or the owner's permission, cutting said property's gate and started impoundment proceedings on the sixty vehicles owned and stored there by Carmen Auto Sales.

18.  The owner and operator of Carmen Auto Sales, (Anthony Joseph Carmisino immediately came to the location while approximately 40 vehicles remained legally stored on the premises, (approximately twenty vehicles were already removed by Genes Towing and its affiliates), and immediately protested and attempted to show Sergeant Parnell his title to the vehicles and

4

verification of First United Enterprises ownership of the property. Furthermore, Carmen's Auto Sales had copies of all the titles in each vehicle and had brought the keys to each motor vehicle to prove ownership.

19.    The Defendant, Sergeant Parnell, abruptly stated the "The ball is already rolling, you know what that means", in spite of the fact that forty some vehicles remained on the legally owned lot.

20.    At the same time the vehicles were being towed, the owner of the property being leased, drove to the Detroit Building and Safety Department and protested with a supervisor to stop the towing since his company not only held legal title to the property, but was also approved and zoned for automobile storage as set forth above.

21.    The onsite City Inspector, Defendant Jeff Bou, stated: "they checked and double checked." and that "you, (Anthony Joseph Carmisimo), were being scammed and apologized."

22.    The very next day on May 12th, the owner of Plaintiff's company, visited Gene's Towing and no one would speak to him or address any of his concerns.

23.    Continuing on May 13th, 16th, 18th and 24th, Plaintiff's owner continued to call the mayor's office, (twice), the Detroit Police Department and Gene's Towing, amazingly no one was ever available to address his concerns and no one including Sergeant Jonathon D. Parnell ever returned his calls. Plaintiff was constantly referred from the police Department back to Genes Towing to no avail.

24    Plaintiff realized both the City of Detroit and Genes Towing, (including its affiliates), purposely were ignoring his requests to halt the injustice that was occurring.

25.    By the act of impounding Plaintiff's vehicles, it incurred $20,000.00 in wrongfully assessed fees within 24 hours and over $1,000.00 per day in storage charges.

26.     Defendants sent out notices of forfeiture on the above stated vehicles that were impounded some of which went to the Plaintiff for those vehicles titled in its name and some notice went to those previous owners of the vehicles that were traded in and the titles were not yet transferred by the Michigan Department of the Secretary of State.

27.     Due to the lack of cooperation from the City of Detroit on the confusing status of the various titles of the motor vehicles wrongfully taken, Plaintiff is pursuing its Constitutional violations in Federal District Court and its various pendant state law claims rather than pursue this matter in the local district court in the City of Detroit.

## CAUSES OF ACTION

### COUNT ONE
### CONSTITUTIONAL AND CIVIL RIGHTS PURSUANT TO 42 U.S.C. §§ 1983, 1988
### VIOLATION OF FOURTH AMENDMENT THERETO
### (AGAINST ALL DEFENDANTS)

28.     The foregoing allegations are incorporated as if re-alleged herein.

29.     Plaintiff's ability to contract its use of private property, in a commercial setting, (that was properly zoned and owned by the non-party, First United Enterprises Corporation, without wrongful government search and seizure is protected by the Fourth Amendment to the US Constitution.

30.     Plaintiff's possession of private property, ( the sixty motor vehicles that were properly in its possession and in a properly zoned location), is a protected property right protected by the Fourth Amendment to the U.S. Constitution from warrantless searches and seizures by municipal agencies and their agents acting under color of law.

31.     Plaintiff was never involved in any illegal activity regarding the storage of the motor vehicles described above that would have exempted the City of Detroit's Police Department

6

from acting under the color of law to conduct and seize private property without the use of a properly issued warrant.

32. Plaintiff was never involved in any activity that would be considered a zoning violation against any City of Detroit Municipal Codes regarding the storage of the motor vehicles acting under the color of law to conduct and seize private property without the use of a properly issued warrant.

33. Defendants violated Plaintiff's right to be free from unreasonable search and seizures in a commercial setting in regards to its private property rights.

34. Defendants acted intentionally and with callous disregard for Plaintiff's clearly established constitutional rights.

35. As a direct and proximate result of the Defendants' violations of Plaintiff's constitutional rights, Plaintiff has suffered severe and substantial damages. These damages include lost of its inventory, diminished earnings capacity, costs, business opportunities, litigation expenses including attorney fees, loss of reputation, goodwill and other compensatory damages, in an amount to be determined by a jury and the Court.

PLAINTIFF REQUESTS that this court enters judgment against Defendants for whatever sum he is found to be entitled, together with costs, interest, and attorney fees.

## COUNT TWO
## UNCONSTITUTIONAL PRIOR RESTRAINT PURSUANT TO 42 U.S.C. §§ 1983, 1988 VIOLATION OF THE FOURTEENTH AMENDMENT, RIGHTS TO DUE PROCESS OF LAW (AGAINST ALL DEFENDANTS)

36. The foregoing allegations are incorporated as if re-alleged herein.

37.     By the act of impounding Plaintiff's vehicles, without notice, and failing to stop the impoundment proceedings after proof of ownership was provided, Plaintiff incurred $20,000.00 in wrongfully assessed fees within 24 hours and over $1,000.00 per day in storage charges.

38.     By failing to respond to the Plaintiffs requests for assistance after the vehicles were impounded, by the Detroit Police Department or Genes Towing and its affiliates, Plaintiff was unable to avail himself of any local due process procedures in the time frames set forth in their impoundment notices.

39.     That the total lack of cooperation and hindrance caused by the City of Detroit and its agents was accomplished in spite of the fact that public records, such as the County Register of Deeds and the attached Detroit City Counsel approvals clearly allowed Plaintiff to used the above described property for its use to store it's legally owned vehicles on said property.

40.     The impoundment activities by all the Defendants were purposely accomplished in order to deprive the Plaintiff of its property for the benefit of all Defendants especially, Defendant, Genes Towing and its affiliates.

41.     As a direct result of the actions, statements and/or policies of the Defendants, Plaintiff suffered an unconstitutional deprivation of his rights under the Fourteenth Amendments to the U.S. Constitution by depriving plaintiff of even the most basic due process rights to prevent a forfeiture of its property.

42.     Defendants acted intentionally and with callous disregard for Plaintiffs' known statutory and constitutional rights.

43.     As a direct and proximate result of the Defendants' violations of Plaintiff's constitutional rights, Plaintiff has suffered severe and substantial damages. These damages include lost of its inventory, diminished earnings capacity, costs, business opportunities, litigation expenses

including attorney fees, loss of reputation, goodwill. and other compensatory damages, in an amount to be determined by a jury and the Court.

PLAINTIFF REQUESTS that this court enters judgment against Defendants for whatever sum he is found to be entitled, together with costs, interest, and attorney fees.

## COUNT THREE

### GROSS NEGLIGENCE AS TO SERGEANT JONATHON D. PARNELL OF THE DETROIT POLICE DEPARTMENTAND OFFICIALS OF THE CITY OF DETROIT BUILDINGS AND SAFETY DEPARTMENT

44.     Plaintiff hereby incorporates paragraphs one through forty four by reference.

45.     On or about May 11th, 2016 Plaintiff was lawfully storing his motor vehicles on leased property from First United as the legal owner of that property.

46.     Defendants illegally impounded the Plaintiff's motor vehicles as set forth above under the authority of Sergeant Jonathon D. Parnell as directed by the Department of Buildings and Safety, even while clear documentation existed during the execution of the impoundment, that the vehicles were legally stored at the location on property legally owned by First United.

47.     Defendant's conduct, which proximately caused Plaintiff's injuries and damages, was grossly negligent because it was so reckless that it demonstrated a substantial lack of concern for whether Plaintiff's business would be ruined.

48.     No City Official had the authority to issue an impoundment proceeding when clear evidence was on file with the City of Detroit and the Wayne County Register of deeds demonstrated that Plaintiff's vehicles were legally located at the premises described above.

49.     The purported illegal activity for which Plaintiff's property was pre-textually impounded should at the very least have been halted when Mr. Anthony Joseph Carmisimo arrived at the scene of the impoundment demonstrating legal ownership of the vehicles.

50.     As the proximate cause of both Defendants' grossly negligent actions, Plaintiff has suffered the above-mentioned injuries as well as other damages, including, but not limited to, disruption of its business, loss profits and other damages yet to be established.

51.     Defendant is liable for Plaintiff's injuries and damages under MCL 691.1407(2).

        PLAINTIFF REQUESTS that this court enters judgment against Defendant for whatever sum he is found to be entitled, together with costs, interest, and attorney fees.

## COUNT FOUR

### VIOLATION OF MICHIGAN'S CONSTITUTION COMMITTING AN ULTRA VIRES ACTIVITY

52.     Plaintiff hereby incorporates paragraphs one through fifty two herein by reference.

53.     Upon information and belief, other vehicles were stored on privately owned lots in the same vicinity and were never questioned by the City of Detroit for similar purposes and for similar, if not longer, time periods.

54.     Defendant City of Detroit's impoundment of Plaintiff's vehicles was for a non-existent illegal activity any without proper investigation was conducted in violation of Const 1963, art. I, §11.

55.     The indiscriminate and trumped up violations without merit were done pursuant to a policy of using indiscriminate impounding to unjustly enrich the City of Detroit and their agents known as Genes Towing and its affiliates. This is not expressly or impliedly

mandated or authorized by law, making it an ultra vires activity for which Defendant, City of Detroit is liable.

56.     As a direct and proximate cause of Defendant's violation of Plaintiff's rights under the Michigan Constitution and this ultra vires activity, Plaintiff was damaged by the loss of value in the motor vehicles, loss of business and other costs incurred from this litigation.

PLAINTIFF REQUESTS that this court enters judgment against Defendant for whatever amount Plaintiff is found to be entitled together with costs, interest, and attorney fees.

## COUNT FIVE
## CONVERSION AS ALL DEFENDANTS

57.     Plaintiff hereby incorporates paragraphs one through fifty six herein by reference.

58.     Plaintiff at all relevant times from April 28th, 2016 legally stored used motor vehicles owned and titled to Carmen Auto Sales on the leased premises commonly known as 9814 Bryden Road, Detroit, MI.

59.     Plaintiff, never allowed Defendant, City of Detroit, Sergeant Jonathon D. Parnell or Defendant Gene's Towing and affiliates to enter his legally leased property at 9814 Bryden Road, Detroit, MI on May 11th, 2016.

60.     Unbeknownst to Plaintiff, on May 11th, 2016, Defendants came onto Plaintiff's property for the purpose of removing, and did remove over a period of time, approximately sixty, (60), motor vehicles in violation of Michigan law and refused to stop removing them when Plaintiff appeared at the same location and demonstrated valid ownership and control of said property.

61.     Officials from the City of Detroit broke through a chained gate on another property owned by the same Lessor and proceeded to impound Plaintiff's vehicles from the landlocked property.

11

62.     Said vehicles were then illegally taken by Genes Towing and its affiliates under a proprietary run enterprise and continued to assert dominion and control over Plaintiff's used motor vehicles.

63.     Plaintiff has repeatedly, both orally and in writing, demanded the return of the above described motor vehicles from Gene's towing and from the City of Detroit without any cooperation or response.

64.     Defendant Genes Towing and the City of Detroit are now illegally using Michigan's abandonment laws to illegally convert Plaintiff's property to their ownership under color of law, which has been and continues to be illegally exercised.

65.     Unless Defendants are restrained from continuing to convert said property, Plaintiff shall lose the value of its legally owned property.

66.     The acts described above constitute an unlawful conversion of Plaintiff's property, resulting in damages to Plaintiff in the amount of the value of the converted motor vehicles treble damages and costs allow by law.

PLAINTIFF REQUESTS that this court enters injunctive relief against the Defendants and a judgment for the converted value of the motor vehicles plus treble damages, cost and attorney fees so wrongfully incurred.

## COUNT SIX
## CIVIL CONSPIRACY AS TO DEFENDANTS
## GENE'S TOWING AND CITY OF DETROIT'S POLICE DEPARTMENT

67.     Plaintiff incorporates by reference paragraphs one through sixty six herein by reference.

68.     Defendant Gene's Towing and affiliates, (four separate towing facilities all owned by the same principle owner), are involved in a proprietary function in their contract to tow vehicles for the City of Detroit.

69.     Defendant Gene's Towing through the use of gifts and favors to the City of Detroit Police Department's various precincts, continues its profitable vehicle abandonment business with the City of Detroit.

70.     Through information and belief, officials at the Department of Buildings and Safety for the City of Detroit has favorable relations with various businesses in proximity with the owner of the leased property owned by First United, who disapproved and feared competition by the use of the leased property by Plaintiff's stored vehicles.

71.     That Defendant Sergeant Jonathon D. Parnell by the use of force and under color of law did conspire with Genes Towing to carry out the unjustified and illegal actions instituted by the Department of Buildings and Safety for the City of Detroit to protect the interests of other competing businesses with First United.

72.     That after said vehicles legally owned and stored by the Plaintiff were illegally taken by force under color of law by Gene's Towing and its affiliates and Defendant Sergeant Jonathon D. Parnell, (through Gross Negligence), these same Defendants continued to demonstrate their continued conspiracy to deprive Plaintiff of his property by refusing to stop the towing operations even after evidence was presented that it was wrongful and by ignoring Plaintiff's continued requests for relief in the days following the illegal impoundment proceedings.

73.     That Gene's Towing and its affiliates and Defendant Sergeant Jonathon D. Parnell, (though Gross Negligence), conducted these activities in combination, for the sole profit and benefit of Gene's Towing and its affiliates through the use of Michigan's impoundment proceedings.

74.     Defendant's illegally, maliciously, and wrongfully conspired with one another with the intent to and for the illegal purpose described above.

13

75.    This conspiracy resulted in the illegal, unlawful, or tortious activity of conversion by impoundment under color of law.

76.    As a result of the conspiracy and Defendants' illegal, wrongful, or tortious acts, Plaintiff was and continues to be damaged by the loss of value in the motor vehicles, loss of business and other costs incurred from this litigation.

PLAINTIFF REQUESTS that this court enter judgment against Defendants for whatever amount Plaintiffs are found to be entitled together with costs, interest, and attorney fees.

## COUNT SEVEN

## COMPLAINT FOR TORTIOUS INTERFERENCE WITH CONTRACT OR ADVANTAGEOUS BUSINESS RELATIONSHIP OR EXPECTANCY

77.    Plaintiff incorporates by reference paragraphs one through seventy seven herein by reference.

78.    Plaintiff at the time of the incident was legally storing its motor vehicles at the leased facilities described above.

79.    Plaintiff has built up substantial goodwill with its business and reputation in the business community over the years.

80.    The business relationships and expectancies had a reasonable likelihood of future economic benefit for Plaintiff.

81.    Defendants knew of the contracts and business relationships and expectancies between Plaintiff, its customers and First United.

82.    By its conduct described in paragraphs eight through thirteen, Defendant intentionally and improperly interfered with the contracts and business relationships and expectancies between Plaintiff and its customers.

83.    The actions described in paragraphs 7 through 20 were intended to, and did, interfere with the contracts and business relationships and expectancies, causing their breach, disruption, or termination.

84.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered substantial economic injury, loss of goodwill, harm to its business reputation, loss of esteem and standing in the community, and loss of business opportunities.

PLAINTIFF REQUESTS that this court enter judgment against Defendants for whatever amount Plaintiffs are found to be entitled together with costs, interest, and attorney fees.

Respectfully submitted,


/s/Ziyad Kased_____

Dated: August 17th, 2016                Ziyad Kased (P72237)
                                        Attorney for Plaintiff
                                        631 E. Big Beaver, Suite 101
                                        Troy, MI 48083
                                        (248) 680-7300

I attest, that I have reviewed the facts set forth in this complaint and they are true to the best of my information and belief:

_Anthony Carmisino_

Anthony Joseph Carmisino

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### Southern Division

| | | |
|---|---|---|
| CARMEN AUTO SALES III, INC.<br>a Michigan Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF DETROIT,<br>a Municipal Corporation,<br>GENES TOWING,<br>a Michigan Corporation,<br>B&G TOWING, INC.,<br>a Michigan Corporation,<br>JONATHON D.PARNELL,<br>a Sargent in the City of Detroit,<br>Police Department,<br>JEFF BOU,<br>an individual working for the<br>City of Detroit.<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.:<br>Hon. |

## DEMAND FOR A TRIAL BY JURY

NOW COMES the Plaintiff, CARMEN AUTO SALES III, INC, by and through their attorney, Ziyad Kased, and hereby demands a Trial by Jury in the above matter.

Respectfully submitted,

Dated: August 17th, 2016

/s/Ziyad Kased
Ziyad Kased (P72237)
Attorney for Plaintiff
631 E. Big Beaver, Suite 101
Troy, MI 48083
(248) 680-7300

# EXHIBIT 1

# TRUE COPY CERTIFICATE

STATE OF MICHIGAN
City of Detroit } SS

### CITY CLERK'S OFFICE, DETROIT

I, _____ Janice M. Winfrey _____, City Clerk of the City of Detroit, in said State, do hereby certify

that the annexed paper is a TRUE COPY OF _____ **RESOLUTION** _____

adopted (passed) by the City Council at session of _____ **January 19,** _____ 20 **16**

and approved by Mayor _____ **January 25,** _____ 20 **16**

as appears from the Journal of said City Council in the office of the City Clerk of Detroit, aforesaid; that I have compared the same with the

original, and the same is a correct transcript therefrom, and of the whole of such original.

**In Witness Whereof, I have hereunto set my hand and affixed the corporate seal of said City, at**

Detroit, this _**17th**_ day of _**February**_ A.D. 20**16**

CITY CLERK



(50)

**CITY OF DETROIT**
**PLANNING AND DEVELOPMENT DEPARTMENT**

COLEMAN A. YOUNG MUNICIPAL CENTER
2 WOODWARD AVENUE SUITE 808
DETROIT, MICHIGAN 48226
(313) 224-1339 • TTY:711
(313) 224-1310
WWW.DETROITMI.GOV

December 18, 2015

Detroit City Council
2 Woodward Avenue
1340 Coleman A. Young Municipal Center
Detroit, MI 48226

Re:    Real Property at 9814 Bryden Avenue

Honorable City Council

The City of Detroit Planning and Development Department ("P&DD") has received an offer from First United Enterprises Corp., a Michigan Corporation ("**Offeror**") requesting the conveyance by the City of Detroit (the "**City**") of the real property, having a street address of 9814 Bryden Avenue, (the "**Property**").

The P&DD entered into a Purchase Agreement dated December 16, 2015 with the Offeror.  Under the terms of a proposed Purchase Agreement, the Property would be conveyed to the Offeror by Quit Claim Deed (the "**Deed**") for Fifteen Thousand and 00/100 Dollars (**$15,000.00**) (the "**Purchase Price**").

Offeror intends to use this land-locked property for the storage of operable personal vehicles in conjunction with their current vehicle resale operation, which is permitted as a conditional use in an M-4 Zone, section 61-10-84.

We request that your Honorable Body adopt the attached resolution to authorize the Director of P&DD to execute a deed and such other documents as may be necessary or convenient to effect the transfer of the Property by the City to the Offeror.

Respectfully submitted,

Maurice D. Cox, Director
Detroit Planning and Development Department

CITY CLERK 2016 JAN 7 AM11:35
ENTERED  JAN 1 4 2016

USE!

By Council Member ___Leland___

**WHEREAS,** the City of Detroit Planning and Development Department ("P&DD") has received an offer from First United Enterprises Corp., a Michigan Corporation ("**Offeror**") requesting the conveyance by the City of Detroit (the "**City**") of the real property, having a street address of 9814 Bryden Avenue, Detroit, MI 48204, (the "**Property**") described in Exhibit A; and

**WHEREAS,** P&DD entered into a Purchase Agreement dated December 16, with the Offeror; and

**WHEREAS,** in furtherance of the redevelopment of the City it is deemed in the best interests of the City that the Property be sold without further public advertisement or the taking of additional bids.

**WHEREAS,** Offeror intends to use this land-locked property for the storage of operable personal vehicles in conjunction with their current vehicle resale operation, which is permitted as a conditional use in an M-4 Zone, section 61-10-84.

**NOW, THEREFORE, BE IT RESOLVED,** that the sale of Property to **Offeror**, more particularly described in the attached Exhibit A, in furtherance of the redevelopment of the City without further public advertisement or the taking of additional bids is hereby approved; and be it further

**RESOLVED,** that Property may be transferred and conveyed to **Offeror**, in consideration for its payment of **Fifteen Thousand and 00/100 Dollars ($15,000.00)**; and be it further

**RESOLVED,** that the Director of the Planning and Development Department, or his or her designee, is authorized to execute deeds and other documents necessary or convenient for the consummation of the transaction pursuant to and in accordance with the Purchase Agreement; and be it further

**RESOLVED,** that customary closing costs up to **One Hundred and Ten Dollars ($110.00)**, and broker commissions of **Seven Hundred Fifty and 00/100 Dollars ($750.00)** be paid from the sale proceeds under the City's contract with the Detroit Building Authority; and be it further

**RESOLVED,** that a transaction fee of **Two Thousand Five Hundred and 00/100 Dollars ($2,500.00)** be paid to the Detroit Building Authority from the sale proceeds pursuant to its contract with the City; and be it further

**RESOLVED,** that the Director of the Planning and Development Department, or his or her designee is authorized to execute any required instruments to make and incorporate technical amendments or changes to the Quit Claim Deed (including but not limited to corrections to or confirmations of legal descriptions, or timing of tender of possession of particular parcels) in the event that changes are required to correct minor inaccuracies or are required due to unforeseen circumstances or technical matters that may arise prior to the conveyance of the Property, provided that the changes do not materially alter the substance or terms of the transfer and sale; and be it finally

**RESOLVED,** that the Quit Claim Deed will be considered confirmed when executed by the Director of the Planning and Development Department, or his or her designee and approved by the Corporation Counsel as to form.

# ADOPTED AS FOLLOWS
# COUNCIL MEMBERS

|  | YEAS | NAYS |
|---|---|---|
| Janee **AYERS** | ✓ | |
| Scott **BENSON** | ✓ | |
| Raquel **CASTANEDA-LOPEZ** | ✓ | |
| 'George **CUSHINGBERRY, JR.** | | |
| Gabe **LELAND** | ✓ | |
| Mary **SHEFFIELD** | ✓ | |
| Andre **SPIVEY** | ✓ | |
| James **TATE** | ✓ | |
| Brenda **PRESIDENT JONES** | ✓ | |
| 'PRESIDENT PRO TEM | | |
|  | 8 | 0 |

EXHIBIT A

LEGAL DESCRIPTION

Land situated in the City of Detroit, County of Wayne, State of Michigan, to wit:

S GRAND RIVER PT OF N E 1/4 SEC 33 T 1 S R 11 E DESC AS BEG AT A PTE S 59D 39M
E 448.85 FT TH S 0D 02M W 233.38 FT FROM INTERSEC S LINE GRAND RIVER & E LINE
D T R R TH S 0D 02M W 436.83 FT TH S 89D 53M W 156.98 FT TH N 0D 07M W 436.83 FT
TH N 89D 53M E 15

Property Tax Parcel Number: 16004992.002

Street Address: 9814 Bryden Road

Description Correct
Engineer of Surveys

By: Basil Sarim, P.S.
Professional Surveyor
City of Detroit/ DPW/CED

EXHIBIT 2

ARTICLE X INDUSTRIAL ZONING DISTRICTS

Sec. 61-10-72 | Site plan review.

(Ord. No. 11-05, §1, 5-28-05)

### Sec. 61-10-72. Site plan review.

Site plan review is required for all Conditional Uses and for certain by-right uses. (See ARTICLE III, DIVISION 5.)

(Ord. No. 11-05, §1, 5-28-05)

### Sec. 61-10-73. By-right uses.

Uses permitted by right in the M4 District are delineated in Sec. 61-10-74 through Sec. 61-10-78 of this Code. (See ARTICLE XII for a complete listing of all use regulations and standards, ARTICLE III, DIVISION 5 to determine when Site Plan Review is required for by-right uses, and ARTICLE XII, DIVISION 5 for accessory uses, including home occupations.

### Sec. 61-10-74. By-right residential uses.

(1)   None

(Ord. No. 11-05, §1, 5-28-05)

### Sec. 61-10-75. By-right public, civic, and institutional uses.

(1)   Armory

(2)   Electric transformer station

(3)   Fire or police station, post office, court house, and similar public building

(4)   Gas regulator station

(5)   Governmental service agency

(6)   Power or heating plant with fuel storage on site

(7)   Steam generating plant

(8)   Telephone exchange building

(9)   Water works, reservoir, pumping station, or filtration plant

(Ord. No. 11-05, §1, 5-28-05)

### Sec. 61-10-76. By-right retail, service, and commercial uses.

(1)   Animal-grooming shop

(2)   Arcade

(3)   Art gallery

(4)   Assembly hall

(5)   Automated Teller Machine not accessory to another use on the same zoning lot, which is stand-alone

(6)   Bake shop, retail

ARTICLE X INDUSTRIAL ZONING DISTRICTS

Sec. 61-10-76 | By-right retail, service, and commercial uses.

(7)     Bank

(8)     Barber or beauty shop

(9)     Brewpub or microbrewery or small distillery, subject to <u>Sec. 61-12-158(4)</u>

(10)    Business college or commercial trade school

(11)    Customer service center

(12)    Dry cleaning, laundry, or laundromat

(13)    Employee recruitment center

(14)    Financial services center

(15)    Food stamp distribution center

(16)    Go-cart track

(17)    Golf course, miniature

(18)    Kennel, commercial

(19)    Medical or dental clinic, physical therapy clinic, or massage therapy clinic

(20)    Mortuary or funeral home, including those containing a crematory

(21)    Motor vehicle filling station as provided for in <u>Sec. 61-12-182(2)</u> of this Code

(22)    Motor vehicle services, minor

(23)    Motor vehicle washing and steam cleaning

(24)    Motor vehicles, new or used, salesroom or sales lot

(25)    Motor vehicles, new, storage lot accessory to a salesroom or sales lot for new motor vehicles

(26)    Motorcycles, retail sales, rental or service

(27)    Nail salon

(28)    Office, business or professional

(29)    Parking lots or parking areas for operable private passenger vehicles

(30)    Parking structure

(31)    Pet shop

(32)    Pool or billiard hall

(33)    Printing or engraving shops

(34)    Private club, lodge, or similar use

(35)    Produce or food markets, wholesale

(36)    Radio or television station

(37)    Radio, television, or household appliance repair shop

(38)    Rebound tumbling center

EXHIBIT 3

Wayne County Register of Deeds
November 17, 2011 08:56 PM
Liber 49472 Page 880-880
# 2011389827 QCD  Fee: $15.00
Electronically Recorded

## WAYNE COUNTY TREASURER
## QUIT CLAIM DEED
### (Issued under Act 206 Public Act of 1893, as Amended by Act 123 of Public Acts of 1999)

Raymond J. Wojtowicz, Treasurer of the Charter County of Wayne, Michigan, hereinafter called the Grantor/Treasurer whose address is 400 Monroe, Suite 520, Detroit, Michigan 48226, by authority of Act 206 of Public Act of 1893, as amended by Act 123 of Public Acts of 1999, as amended, conveys and quit claims to:
**FIRST UNITED ENTERPRISES, CORP.**

hereinafter called the Grantee, whose address is:
**6413  BINGHAM STREET  DEARBORN , MI 48126** _____ the following
described premises located in the **CITY OF DETROIT, WAYNE COUNTY, MI**

Tax Parcel I.D. #: _16004992.004L_

Legal Description:
S GRAND RIVER PT OF N E 1/4 OF SEC 33 T 1 S R 11 E DESC AS FOLS BEG AT A PTE IN SLY LINE OF GRAND RIVER AVE DIST S 59D 39M E 231.90 FT FROM INT SEC OF SD SLY LINE WITH E LINE OF D T R R R/W TH S 59D 39M E 42.34 FT TH S 0D 03M 30S E 100 FT TH N 59D 39M W 9.63 FT TH S 0D 03M 30S E 813.60 FT TH S 89D 56M 30S W 28.21 FT TH N 0D 03M 30S W 930.16 FT TO P O B 16/— 26,870 SQ FT

Commonly known as: 10551 W GRAND RIVER CITY OF DETROIT,  48204

For the full consideration of  _____ Dollars.          Date: **November 17, 2011**

Pursuant to the provisions of Section 78k(5)(e) and 78k(5)(e) parcels are subject to visible or recorded easements and rights of way; private deed restrictions; building restrictions of record; all future installments of special assessments and liens recorded by the State or the foreclosing governmental unit or restrictions or other governmental interests imposed pursuant to the Natural Resources and Environmental Protection Act being Public Act 451 of 1994. This conveyance is exempt from taxes pursuant to MCL 207.505(h)(1) and MCL 207.526(h)(I).

**Declaration of Conditions Subsequent.** This Declaration is made to give record notice of the conditions subsequent to the sale of the Property by imposition of the following restrictions on the sale to the Property:

A. That Grantee or subsequent Purchaser/Assignee shall keep current the taxes on the Property for the two tax years following the date of the deed conveyed by the Grantor/Treasurer.

B. That Grantee or subsequent Purchaser/Assignee shall either demolish the property within six months or maintain and secure the Property for two years following the date of the deed from Grantor/Treasurer in accordance with local building, health and public safety ordinances.

C. That failure of the Grantee or subsequent Purchaser/Assignee to comply with previous clauses A and B or to cure the default within 30 days of written notice may result in a reversion of the title and/or possession of the Property to the city, or township where the property is located, at its option.

D. These conditions subsequent are intended to run with the land for a period of two (2) years following the date of this deed and be binding on the Grantee and subsequent Purchaser/Assignee.

In Witness Whereof the Grantor, has signed and affixed the seal of the Wayne County Treasurer the day and year first above written.

STATE OF MICHIGAN   )
                                )ss
COUNTY OF WAYNE   )

Raymond J. Wojtowicz
Wayne County Treasurer

The foregoing instrument was acknowledged before me on this _17_ day of ___November___ , 2011   by Raymond J. Wojtowicz, Wayne County Treasurer.

FELECIA ANN TYLER
Notary Public, State of Michigan
County of Wayne
My Commission Expires Jul. 29, 2018
Acting in the County of Wayne

Notary Public, Wayne County Michigan

Prepared by Wayne County Treasurer
400 Monroe Street, Detroit, Michigan 48226

When recorded return to: Grantor
Send subsequent tax bills to:  Grantee

EXHIBIT 4

Wayne County Register of Deeds
2016238639          L: 53023 P: 149
05/27/2016 10:48 AM    QCD      Total Pages: 2

WAYNE CO. ROD '16 MAY 27 AM 10:47

## QUIT CLAIM DEED

**The City of Detroit, a Michigan public body corporate,** whose address is 2 Woodward Avenue, Detroit, Michigan 48226 ("Grantor"), quit claims to **First United Enterprises, Corp., a Michigan corporation** ("Grantee"), whose mailing address is 1742 John R Road, Troy, Michigan 48083, the premises located in the City of Detroit, Wayne County, Michigan, as described on the attached Exhibit A (the "Property"), for the sum of **Fifteen Thousand and 00/100 ($15,000.00) Dollars,** subject to and reserving to the City of Detroit its rights under public easements and rights of way, easements of record, applicable zoning ordinances, and restrictions of record.

The following language is included pursuant to MCL Sections 560.109(3) and 560.109(4), added by 1996 PA 591, and applies only if the Property is not platted: "The Grantor grants to the Grantee the right to make all divisions under Section 108 of the land division act, Act No. 288 of the Public Acts of 1967, as amended. This property may be located within the vicinity of farmland or a farm operation. Generally accepted agricultural and management practices which may generate noise, dust, odors, and other associated conditions may be used and are protected by the Michigan right to farm act."

This deed is dated as of _February 23_, 2016.

GRANTOR:
CITY OF DETROIT,
a Michigan public body corporate

By: _____
Maurice Cox, Director
Planning & Development Department

STATE OF MICHIGAN      )
                       ) ss.
COUNTY OF WAYNE        )

The foregoing instrument was acknowledged before me on _February 23_ 2016, by Maurice Cox, the Director of the Planning & Development Department, on behalf of the City of Detroit, a Michigan public body corporate.

KEINYA L CARTER
Notary Public - Michigan
Wayne County
My Commission Expires Mar 3, 2020
Acting in the County of _Wayne_

_____
Print: _KeinVa Carter_
Notary Public, Wayne County, Michigan
Acting in Wayne County, Michigan
My commission expires: _3/3/20_

| Approved by Corporation Counsel pursuant to Sec. 7.5-206 of the 2012 Charter of the City of Detroit | Pursuant to §18-5-4(b) of the Detroit City Code, I hereby certify that proper and fair consideration has been received by the City pursuant to this contract. | Approved by the City Council on _01/19/2016 +04/14/16_<br><br>Approved by the Mayor on _01/25/2016 +04/24/16_ |
|---|---|---|
| Corporation Counsel | Finance Director | |

1974111.1963.508925

EXHIBIT A

LEGAL DESCRIPTION

Land in the City of Detroit, County of Wayne and State of Michigan being S—W GRAND
RIVER PT OF N E 1/4 SEC 33 T 1 S R 11 E DESC AS BEG AT A PTE S 59D 39M E 448.85
FT TH S 0D 02M W 233.38 FT FROM INTERSEC S LINE GRAND RIVER & E LINE D T R
R TH S 0D 02M W 436.83 FT TH S 89D 53M W 156.98 FT TH N 0D 07M W 436.83 FT TH N
89D 53M E 158.14 FT TO P O B 16/--- 68,828 SQ FT

A/K/A 9814 Bryden
Ward 16 Item No. 004992.002

Description Correct
Engineer of Surveys

By:
     Basil Sarim, P.S.
     Professional Surveyor
     City of Detroit/DPW, CED

EXHIBIT 5



EXHIBIT DRAWING FOR:
# FIRST UNITED ENTERPRISES CORP.

**GRAPHIC SCALE**

0      50      100

1" = 100 ft.

## LEGEND

— /// — OVERHEAD WIRES
⌀  EX UTILITY POLE
(D)  PER DEED
P.O.B.  POINT OF BEGINNING
EX  EXISTING
—X—  FENCE

GRAND RIVER AVE

S89°39'00"E 448.85' (D)

FORMERLY EAST LINE OF D.T.R.R. RIGHT-OF-WAY (RAILROAD NOT OCCUPIED)

SOUTH R/W LINE

S00°02'00"W 233.38' (D)

N

2.8'

CHAIN LINK FENCE

PARCEL 'A'

EXCEPTION

N89°53'00"E 158.14' (D)

6' TO FENCE

P.O.B.

EX BLOCK/BRICK BUILDING

2.3'

PARCEL 'A'  N00°07'00"W 436.83' (D)

10' HIGH STEEL SHEET FENCE

PARCEL 'B'

6' CHAIN LINK FENCE

S00°02'00"W 436.83' (D)

6' CHAIN LINK FENCE GATE W/LOCK
S89°53'00"W 156.98' (D)

4' TO FENCE

6' CHAIN LINK FENCE

PARCEL 'C'

## PARCEL DESCRIPTION:

(AS PROVIDED)

PARCEL 'B' NO. 16004992.002

(PER CITY OF DETROIT):

(SIGNED BY BASIL SARIM, PS, CITY OF DETROIT/DPW, CED) LAND IN THE CITY OF DETROIT, COUNTY OF WAYNE AND STATE OF MICHIGAN BEING S GRAND RIVER; PART OF THE NORTHEAST 1/4, SECTION 33, T1S–R11E, DESCRIBED AS: BEGINNING AT A POINT S 59D 39M E, 448.85 FEET; THENCE S 00D 02M W, 233.38 FEET FROM THE INTERSECTION OF SOUTH LINE OF GRAND RIVER AND THE EAST LINE OF D.T.R.R. R/W; THENCE S 00D 02M W, 436.83 FEET; THENCE S 89D 53M W, 156.98 FEET; THENCE N 00D 07M W, 436.83 FEET; THENCE N 89D 53M E, 158.14 FEET TO THE POINT OF BEGINNING.

## NOTES:

1. THIS EXHIBIT DRAWING IS FOR THE USE OF THE PROPERTY OWNER ONLY, A TITLE COMMITMENT MUST BE PROVIDED IN ORDER TO DETERMINE THE EXACT PROPERTY LINES/CORNERS.

2. REFERENCE DRAWING – SURVEY DONE BY JEROME & CO ON SAME PARCELS OF LAND, SIGNED BY GEORGE G. JEROME, JR, PS 46672, UPDATED 09.24.2003, AS FURNISH BY JEROME & CO.

3. REFERENCE DRAWING – ALTA SURVEY DONE BY ROOSIEN & ASSOC, PROJECT NO. 110365, LAST DATED 06.10.2011, AS FURNISHED BY ROOSIEN & ASSOC.

4. REFERENCE DRAWING – SURVEY DONE BY BM CONSTRUCTION CONSULTANTS, JOB NO. 130516, DATED 05.23.2016 WHERE AN OVERALL SURVEY WAS PERFORMED ON THE PERIMETER OF FOUR ADJOINING PARCELS ON LAND.

EXHIBIT DRAWING FOR:
# FIRST UNITED ENTERPRISES CORP
C/O DJAMEL TIGUERT
1742 JOHN R ROAD
TROY, MI  48083

| SCALE: 1"=100' | JOB NO. 130516–B | DATE: 05.27.2016 | | |
| --- | --- | --- | --- | --- |
| DRN. BY: J.R.B. | | APPR. BY: D.J.K. | PAGE: 1 of 1 | |

## BM CONSTRUCTION CONSULTANTS
2240 LAUDERDALE STREET,  FLINT, MICHIGAN  48532
PHONE: 810.423.5014  EMAIL: BMCONSTRUCTION@COMCAST.NET