# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**CARMEN AUTO SALES III**, **INC.,**
a Michigan corporation,

       Plaintiff,

v

**CITY OF DETROIT**, a Michigan municipal
corporation, **GENE'S TOWING**, a Michigan corporation,
**B & G TOWING**, a Michigan Limited Liability Company, **JONATHON
D. PARNELL**, a sergeant in the Detroit Police Department,
and **JEFF BOU**, an individual working for the City of Detroit,

       Defendants.

Case No. 2:16-cv-12980
Hon. Laurie J. Michaelson
David R. Grand

---

| **KASED LAW PLLC** | **CITY OF DETROIT LAW DEPARTMENT** |
|---|---|
| By:  Ziyad Kased (P72237) | By:  Eric B. Gaabo (P39213) |
| ziyad@kasedlaw.com | Gaabe@detroitmi.gov |
| Attorneys for Plaintiff | Attorneys for Defendants City of Detroit, |
| 631 E. Big Beaver Rd, Ste. 101 | Jonathan Parnell & Jeff Bou |
| Troy, MI 48083 | Coleman A. Young Municipal Center |
| (248) 680-7300 | 2 Woodward Avenue, 5th Floor |
|  | Detroit, MI  48226 |
|  | (313) 237-3052 |
|  |  |
|  | By:   Nicholas J. Bachand (P67447) |
|  | attorneybachand@gmail.com |
|  | Attorney for Defendants B&G Towing, LLC, |
|  | And Gene's Towing, Inc. |
|  | 2411 Vinewood |
|  | Detroit, MI 48216 |
|  | (313) 228-0860 |

---

## DEFENDANTS B&G TOWING, LLC AND GENE'S TOWING, INC. MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 56 AND 12(b)(1)

NOW COMES Defendants, B&G TOWING, LLC and GENE'S TOWING, INC., by and through their attorney, NICHOLAS J. BACHAND, and submits the following for their Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 56 and 12(b)(1):

1. Plaintiff seeks to recover damages from Defendants B&G TOWING, LLC and GENE's TOWING, INC, on the allegations that Defendants should not have towed and impounded vehicles allegedly owned by Plaintiff from the location of 9814 Bryden Road / 10551 W. Grand River, Detroit, MI, pursuant to the direction from the Detroit Police Department (Doc. #1, Complaint, pgs 5-8).

2. Following the impoundment of the vehicles in question, representatives of Plaintiff were instructed that the impounded vehicles were not on hold and could be retrieved from the towing impound lots upon presenting proper ownership.

3. Representatives of Plaintiff never retrieved said vehicles.  As a result, the vehicles were deemed abandoned and auctioned pursuant to Michigan law §257.252, between July 15, 2016 and August 16, 2017.

4. On August 17, 2016, Plaintiff filed this lawsuit against Defendants, seeking alleged damages from the towing, impoundment and abandonment of said vehicles.

5. Defendants B&G Towing, LLC and Gene's Towing, Inc. now bring this Motion for Summary Judgment.

6. Pursuant to LR 7.1(a)(2)(A) Defendants Attorney contacted Plaintiff's counsel via telephone on several occasions requesting concurrence in the relief sought, but the request was denied.

For the reasons stated in the accompanying brief, Defendants B&G Towing, LLC and Gene's Towing, Inc. are entitled to Summary Judgment.

Accordingly, Defendants, through counsel, respectfully requests that this Court:

(1)     Grant this motion for summary judgment,

(2)     Dismiss all claims against B&G Towing, LLC and Gene's Towing, Inc. with prejudice,

(3)     Enter Judgment in favor of B&G Towing, LLC and Gene's Towing, Inc.,

(4)     Grant any other appropriate relief.

/s/ Nicholas J. Bachand_____
Nicholas J. Bachand (P67447)
Attorney for Defendants B&G
Towing, LLC, And Gene's Towing,
Inc.
2411 Vinewood
Detroit, MI 48216
(313) 228-0860
attorneybachand@gmail.com

Dated: July 31, 2017

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**CARMEN AUTO SALES III**, **INC.,**
a Michigan corporation,

        Plaintiff,

v

**CITY OF DETROIT**, a Michigan municipal
corporation, **GENE'S TOWING**, a Michigan corporation,
**B & G TOWING**, a Michigan Limited Liability Company, **JONATHON
D. PARNELL**, a sergeant in the Detroit Police Department,
and **JEFF BOU**, an individual working for the City of Detroit,

        Defendants.

Case No. 2:16-cv-12980
Hon. Laurie J. Michaelson
David R. Grand

---

**KASED LAW PLLC**
By: Ziyad Kased (P72237)
ziyad@kasedlaw.com
Attorneys for Plaintiff
631 E. Big Beaver Rd, Ste. 101
Troy, MI 48083
(248) 680-7300

**CITY OF DETROIT LAW DEPARTMENT**
By: Eric B. Gaabo (P39213)
Gaabe@detroitmi.gov
Attorneys for Defendants City of Detroit,
Jonathan Parnell & Jeff Bou
Coleman A. Young Municipal Center
2 Woodward Avenue, 5th Floor
Detroit, MI 48226
(313) 237-3052

By: Nicholas J. Bachand (P67447)
attorneybachand@gmail.com
Attorney for Defendants B&G Towing, LLC,
And Gene's Towing, Inc.
2411 Vinewood
Detroit, MI 48216
(313) 228-0860

---

## DEFENDANTS B&G TOWING, LLC AND GENE'S TOWING, INC. BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 56 AND 12(b)(1)

i

# TABLE OF CONTENTS

Page

STATEMENT OF THE ISSUES PRESENTED .................................................... iii

MOST CONTROLLING AUTHORITIES ............................................................iv

INDEX OF AUTHORITIES……………………………………………………v

STATEMENT OF FACTS ........................................................................1

ARGUMENT ........................................................................4

CONCLUSION ........................................................................14

## STATEMENT OF ISSUES PRESENTED

I.    Did Defendants B&G Towing, LLC and Gene's Towing, Inc comply with Michigan law, MCLA §257.252a-d when they removed Plaintiff's alleged vehicles at the direction of the Detroit Police Department?

II.   Did Defendants B&G Towing, LLC and Gene's Towing, Inc comply with Michigan law, MCLA §257.252g when they disposed of the vehicles in question through public auction?

III.  Are Defendants B&G Towing, LLC and Gene's Towing, Inc state actors while providing towing services at the direction of the Detroit Police Department?

IV.   Pursuant to MCLA §257.252e, does the District Court have exclusive jurisdiction over the disposition of abandoned vehicles?

B&G Towing, LLC and Gene's Towing, Inc. submits that the answers to the foregoing are "Yes".

# MOST CONTOLLLING AUTHORITIES

In support of the Defendants' Motion of Summary Judgment:

Statutes:

MCLA §257.252a Abandonment of Vehicle…………………………….……..7,12

MCLA §257.252d Immediate Removal of Vehicles from Property………..5,6,7,12

MCLA §257.252e Courts with Jurisdiction Over Issues Involving
Reporting or Processing of Abandoned Vehicles………………..…………12,13,14

MCLA §257.252g Disposition of Abandoned Vehicles………………………2,7,8

# INDEX OF AUTHORITIES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)………………………4

*Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1389
(6th Cir. 1993)…………………………………………………………………...4

*Brentwood Acad. [v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 298-302
(2001)………………………………………………………………………..10

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1984)………………………………4

*Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995)…………………………..10

*J-Bob LLC, et al., v. Mike's Garage / Larocca's Towing, LLC,*
2017 WL 395288………………………………………………………………13

*LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993)……..4

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)…………………………..9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)……..4

*McCarthy v. Middle Tenn. Elec. Membership Corp.*, 466 F.3d 399, 412 (6th Cir.
2006)……………………………………………………………………………10

*Moldowan v. Warren*, 578 F.3d 351, 399 (6th Cir. 2009)………………….....…10

*Noll v. Ritzer*, 317 Mich App. 506, 2016………………………………….……13

*Partin v. Davis,* 675 Fed.Appx. 575, at *10 (2017)…………………...……10, 11

*Plummer v. Detroit Police Department, et al* 2017 WL 1091260………....………..9

*Rendell-Baker v. Kohn*, 457 U.S. 830, 841, 102 S.Ct. 2764,
73 L.Ed.2d 418 (1982)………………………………………………….……10

*Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007)…………………………11

Statutes:

MCLA §257.252a Abandonment of Vehicle……………………………..……..7,12

MCLA §257.252d Immediate Removal of Vehicles from Property………..5,6,7,12

MCLA §257.252e Courts with Jurisdiction Over Issues Involving
Reporting or Processing of Abandoned Vehicles…………….…..…………12,13,14

MCLA §257.252g Disposition of Abandoned Vehicles………………………2,7,8

## <u>STATEMENT OF MATERIAL FACTS</u>

1.     B&G Towing, LLC is a towing company authorized to provide towing services to the City of Detroit Police Department. (Ex 1: Affidavit of Anthony Thomas).

2.     Gene's Towing, LLC is a towing company authorized to provide towing services to the City of Detroit Police Department. (Ex 2: Affidavit of Paul Ott).

3.     On May 11, 2016, Gene's Towing, Inc. was contacted by Lieutenant Jonathan Parnell of the Detroit Police Department, wherein Lieutenant requested that the company provide towing services to remove vehicles located on the property at 9814 Bryden / 10551 Grand River in Detroit, MI. (Ex 3: Deposition of Jonathan Parnell, pg 14).

4.     Paul Ott, president of Gene's Towing, Inc. contacted B&G Towing, LLC and Boulevard & Trumbull Towing, Inc. to assist with the towing services, as Lieutenant Parnell indicated there were many vehicles on the property that had to be removed. (Ex 2: Affidavit of Paul Ott).

5.     Upon arrival at 9814 Bryden / 10551 Grand River, employees of Gene's Towing, Inc., B&G Towing, LLC and Boulevard & Trumbull Towing, Inc. removed the vehicles located on the property and impounded said vehicles at the company's specific towing storage lot. (Ex 2: Affidavit of Paul Ott).

6.      The towing companies involved with the removal of the vehicles were instructed by Lieutenant Parnell that said vehicles were not on hold, could be immediately released to the proper owner. (Ex 2: Affidavit of Paul Ott).

7.      A total of eighty-four vehicles were removed from the property by the three towing companies. (Ex 4: Vehicle Inventory List).

8.      Almost all of the vehicles were deemed abandoned, wherein the Michigan Department of State issued Abandoned Vehicle Notices to the last registered owners of the vehicles.  The Notices provided the last registered owner the location of the vehicle along with how the vehicle will be disposed of, pursuant to MCLA 257.252g.  The vehicles that remained after the Notices were sent ended up being auctioned through Detroit Police Department Abandoned Vehicle Auctions held on July 15, 2016, July 19, 2016 and August 16, 2016. (Ex. 4 Vehicle Inventory List, Ex. 2: Affidavit of Paul Ott, Ex. 5 Boulevard & Trumbull Towing Vehicle Docs, Ex. 6 Gene's Towing Vehicle Docs Part 1, Ex. 7 Gene's Towing Vehicle Docs Part 2, Ex. 8 B&G Towing Vehicle Docs).

9.      On or about August 17, 2016, Plaintiff filed this lawsuit against Defendants B&G Towing, LLC and Gene's Towing, Inc., claiming the following counts:

- Count 1: Constitutional and Civil Rights Pursuant to 42 U.S.C. §§ 1983, 1988, Violation of Fourth Amendment Thereto.

2

- Count 2: Unconstitutional Prior Restraint Pursuant to 42 U.S.C. §§ 1983, 1988 Violation of the Fourteenth Amendment, Rights to Due Process of Law.

- Count 4: Violation of Michigan's Constitution Committing an Ultra Vires Activity.

- Count 5: Conversion

- Count 6: Civil Conspiracy

- Count 7: Complaint for Tortious Interference with Contract or Advantageous Business Relationship or Expectancy.

## <u>ARUGUMENT</u>

### I. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1984), *quoting* FED. R. CIV. P. 56(c).

"The party that moves for summary judgment has the burden of showing that there are no genuine issues of material fact in the case." *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). "The moving party may meet its burden by showing that the nonmoving party lacks evidence to support an essential element of its case." *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1389 (6th Cir. 1993).

The plaintiff must then come forth with more than a "mere scintilla of evidence" in support of his or her position in order to survive summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). "The court must view the evidence, all facts, and any inferences that may permissibly be drawn from the facts in the light most favorable to the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party must assert the defenses of lack of subject-matter jurisdiction in the first initial pleadings. However, a Motion for Summary Judgment due to lack of subject matter jurisdiction may be brought at any time prior to trial.  Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

**II. B&G Towing, LLC and Gene's Towing, Inc. complied with Michigan law, MCLA §257.252a-d when it removed Plaintiff's vehicles at the direction of the Detroit Police Department**.

Pursuant to MCLA §257.252a-d, a towing company can remove vehicles that remain on private property without the consent of the owner, at the direction of a police department. Specifically, MCLA 257.252d (1) states "A police agency or a governmental agency designated by the police agency may provide for the immediate removal of a vehicle from public or private property to a place of safekeeping at the expense of the last-titles owner of the vehicle in any of the following circumstances:"

§(g) "If the vehicle is hampering the use of private property by the owner or person in charge of that property or is parked in a manner that impedes the movement of another vehicle."

The vehicles in question were parked on property not owned by the Plaintiff, but was owned by the City of Detroit at the time of towing of the vehicles.

Pursuant to MCLA 257.252d(3), "a police agency that authorizes the removal of a vehicle under subsection (1) shall do the following:"

"(a) check to determine if the vehicle has been reported stolen prior to authorizing the removal of the vehicle."

"(b) Except for vehicles impounded under subsection (1)(d), (e), or (k), a police agency shall enter the vehicle into the law enforcement information network as abandoned not less than 7 days after authorizing the removal and follow the procedures set forth in section 252a."

In the case at hand, the City of Detroit Police Department instructed B&G Towing, LLC, Gene's Towing, Inc. and Boulevard & Trumbull Towing, Inc. to remove the vehicles in question. (Ex 3: Deposition of Jonathan Parnell, pg 14). The towing documents for all of the vehicles contain the abandoned vehicle reports, indicating that the vehicles information was collected by the Detroit Police Department prior to the vehicles being removed from the location. (Ex. 5 Boulevard & Trumbull Towing Vehicle Docs, Ex. 6 Gene's Towing Vehicle Docs Part 1, Ex. 7 Gene's Towing Vehicle Docs Part 2, Ex. 8 B&G Towing Vehicle Docs).

B&G Towing, LLC, Gene's Towing, Inc. and Boulevard & Trumbull Towing, Inc., at the direction of the Detroit Police Department, performed the towing and storage services pursuant to Michigan Law and at the direction of the Detroit Police Department.

## III. B&G Towing, LLC and Gene's Towing, Inc. complied with Michigan law, MCLA §257.252g when it disposed of the vehicles in question through public auction.

Three public auctions were held on the following dates, July 15, 2016, July 19, 2016 and August 16, 2016.  Prior to these auctions, pursuant to MCLA §257.252a-d, the last registered owners of the vehicles in question were sent an abandoned vehicle notice, stating the location of the vehicle in question and the laws regulating the retrieval of same from the impound facility. Pursuant to MCLA §257.252g(1)(a), the public sale "shall be under the control of the police agency. However, a police agency may designate the custodian of the vehicle or a third party to conduct the auction." In this case, every sale was conducted under the supervision of the Detroit Police Department. Moreover, pursuant to MCLA §257.252g(1)(b), the sale "shall be open to the public."  In this case, all three sales were open to the public.

The general public received notice pursuant to MCLA §257.252g(1)(c-d). The vehicles were disposed of through these auctions and all proceeds from the auction of these vehicles were distributed pursuant to MCLA §257.252g. Therefore, the allegations by Plaintiff in Count Five, Conversion cannot be supported, as the Defendants complied with the Michigan abandoned vehicle law. Additionally, as to Count Six, Civil Conspiracy and Count Seven, Tortious Interference with Contract, the allegations are unfounded.

Plaintiff has not provided any evidence to support the allegations stated in Count Six, or any evidence to support that either B&G Towing, LLC or Gene's Towing, Inc. had any knowledge of the business relationships that Plaintiff may have with other third parties.  The Defendants were simply towing and storing the vehicles in question, pursuant to the direction of the Detroit Police Department.  As indicated by Lieutenant Parnell, the towing companies assigned to complete these services are used in a rotational basis. (Ex. 3 Deposition of Jonathan Parnell, pg 24). There is no special treatment that can lead the Court to a finding of Civil Conspiracy.

Moreover, the towing companies proceeded tow, impound, abandon and dispose of the vehicles in question pursuant to the statutory rules states in MCLA §257.252.

**IV. B&G Towing, LLC and Gene's Towing, Inc. are not state actors, and did not violate the rights provided to Plaintiff under the Fourth Amendment, Fourteenth Amendment, or State Constitution.**

Defendants B&G Towing, LLC and Gene's Towing, Inc. are towing companies, located in the City of Detroit, that have procured a permit to perform towing services for the City of Detroit Police Department. To date, there are approximately twenty towing companies in the City of Detroit who have a tow permit to perform services for the police department.

A towing company is a private entity. Judge Cox of the Eastern District of Michigan, recently discussed this issue in an unpublished opinion *Plummer v. Detroit Police Department, et al* 2017 WL 1091260, For a private entity to be considered a state action, it has to be when the conduct of the entity is "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

There are three tests for determining whether private conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test. The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state...." The typical examples are running elections or eminent domain. The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the

9

state. Finally, the nexus test requires a sufficiently close relationship (*i.e.* through state regulation or contract) between the state and the private actor so that the action may be attributed to the state. *Moldowan v. Warren*, 578 F.3d 351, 399 (6th Cir. 2009) (quoting *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995)).

In this case, the appropriate test is the nexus test, however, [a] plaintiff must show more than joint activity with the state to prove that a private party working for the government is a state actor. In particular, she must demonstrate "pervasive entwinement" between the two entities surpassing that of a mere contractual relationship. *McCarthy v. Middle Tenn. Elec. Membership Corp.*, 466 F.3d 399, 412 (6th Cir. 2006) (quoting *Brentwood Acad. [v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 298-302 (2001) ] ). Similarly, the Supreme Court has held that even "[a]cts of ... private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts." *Rendell-Baker v. Kohn*, 457 U.S. 830, 841, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). *Partin v. Davis,* 675 Fed.Appx. 575, at *10 (2017).

It is apparent that Defendants B&G Towing, LLC and Gene's Towing, Inc. have a working relationship with the Detroit Police Department.  The company's employees show up to perform towing services when summoned by the Detroit Police Department.   The company's employees perform the services when requested.  If the companies did not perform the services, then the Detroit Police

Department would just call one of the other eighteen towing companies to perform the work.

While both B&G Towing, LLC and Gene's Towing, Inc. did impound the vehicles in question, they proceeded to handle said vehicles like they do on every other impound, pursuant to the Michigan abandoned vehicle laws stated in MCLA §257.252. Again, in this case, both B&G Towing, LLC and Gene's Towing, Inc.'s involvement with the police falls short of demonstrating the kind of close nexus with government officials that is necessary to expose it to § 1983 liability, as detailed by Judge Cox. *Partin*, 675 Fed.Appx. 575, at *10; *cf. Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007) (concluding that a private towing corporation "was a state actor when it initially towed and stored the vehicle at the behest of the sheriff's office as part of an official criminal investigation"). Here, as in *Partin*, Plaintiff has not demonstrated that the towing company and the police or the State of Michigan were "pervasive[ly] entwin[ed]" with each other, such that the towing company's relationship with the police or the State surpassed that of a mere contractual relationship and made it a state actor. Thus, Plaintiff's claims under 42 U.S.C. 1983, as well as the Michigan Constitutional claims, are unfounded and should be dismissed.

**V. Pursuant to MCLA §257.252e, the State of Michigan has deemed the District Court to have exclusive jurisdiction over the disposition of abandoned vehicles.**

As previously stated, B&G Towing, LLC and Gene's Towing, LLC abandoned the vehicles in question pursuant to MCLA §257.252. Pursuant to MCLA §257.252e (1), The following courts have jurisdiction to determine if a police agency, towing agency or custodian, or private property owner has acted properly in reporting or processing a vehicle under section 252a, 252b(6) to (11), or 252d

(a) The district court.

(b) A municipal court.

(2) The court specified in the notice prescribed in section 252a(5)(b) or 252b(7) or as provided in section 252d(3)(b) shall be the court that has territorial jurisdiction at the location from where the vehicle was removed or considered abandoned. Venue in the district court shall be governed by section 8312 of the revised judicature act of 1961, 1961 PA 236, MCL 600.8312.

(3) If the owner fails to pay the accrued towing and storage fees, the towing and storage bond posted with the court to secure release of the vehicle under section 252a, 252b, or 252d shall be used to pay the towing and storage fees.

(4) The remedies under sections 252 through 254 are the exclusive remedies for the disposition of abandoned vehicles.

Plaintiff did not proceed with filing any actions in the 36th District Court regarding the disposition of the vehicles in question.  However, pursuant to the documentation provided in Exhibits 5-8, Plaintiff was provided notice of the abandonment of the vehicles in question, as the Plaintiff was listed as owner and/or first secured lien holder on several of the vehicles. Instead, Plaintiff filed this action in Federal Court. Pursuant to MCLA §257.252e, this Court does not retain subject matter jurisdiction, as the Michigan statute clearly indicates that the District Court shall have jurisdiction as the exclusive remedy.

Moreover, Judge Cox recently commented on this matter in an unpublished opinion, *J-Bob LLC, et al., v. Mike's Garage / Larocca's Towing, LLC*, 2017 WL 395288.  In that case, the Court looked specifically at the issue of subject matter jurisdiction as it relates to abandoned vehicles.  In the opinion the Judge stated, "The Michigan vehicle code prohibits the abandonment of vehicles and provides a statutory scheme for the removal and disposition of abandoned vehicles, as well as the processes by which a person may recover a vehicle or challenge the removal or seizure of the vehicle. *See* MCL 257.252a-m." *Noll v. Ritzer*, 317 Mich App. 506, 2016. Notably, the statute expressly provides that the "remedies under sections 252 through 254 are the ***exclusive remedies*** for the disposition of abandoned vehicles."

Mich. Comp. Laws § 257.252e(4) (emphasis added). That means that if someone in Plaintiff's position seeks to challenge the disposition of an alleged abandoned vehicle, their sole recourse is to follow the statutory provisions. The statute simply does not allow Plaintiffs to circumvent the statutory scheme by labeling their claims conversion, replevin, fraud, or abuse of process.

As in this case, the Plaintiff is attempting to circumvent the need to file a claim in the 36th District Court by labeling the claims of conversion, tortious interference and civil conspiracy.  Therefore, this Court should grant Defendants Motion and dismiss this case.

## RELIEF REQUESTED

Wherefore, Defendants B&G Towing, LLC and Gene's Towing, Inc., through counsel, respectfully requests that this Court:

(1)     Grant this motion for summary judgment,

(2)     Dismiss all claims against B&G Towing, LLC and Gene's Towing, Inc. with prejudice,

(3)     Enter Judgment in favor of B&G Towing, LLC and Gene's Towing, Inc.,

(4)     Grant any other appropriate relief.

/s/ Nicholas J. Bachand
**Nicholas J. Bachand (P67447)**
Attorney for Defendants B&G
Towing, LLC, And Gene's Towing,
Inc.
2411 Vinewood
Detroit, MI 48216
(313) 228-0860
attorneybachand@gmail.com

Dated: July 31, 2017

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 31, 2017 I electronically filed the foregoing papers with the Clerk of the Court, using the ECF system which will send notification of such filing to the counsel of record for each party.

I declare that the above statement is true to the best of my information, knowledge and belief.

Respectfully submitted,

/s/ Nicholas J. Bachand_____
**Nicholas J. Bachand (P67447)**
Attorney for Defendants B&G
Towing, LLC, And Gene's Towing,
Inc.
2411 Vinewood
Detroit, MI 48216
(313) 228-0860
attorneybachand@gmail.com

Dated: July 31, 2017